UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL CASE NO. 22-103-DLB-EBA

LON ADAMS                                                                                      PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

WALMART STORES EAST, L.P.                                                       DEFENDANT

\* \* \*\* \*\* \*\* \*\* \*\*\* \*\* \*\*

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. # 12).  Plaintiff having filed no response, and having not responded to this Court's Show Cause Order (Doc. # 15), this matter is now ripe for review. For the following reasons, Defendant's Motion is **granted.**

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Lon Adams alleges that on July 1, 2021, while exiting a Walmart store in Pikeville, Kentucky, he "fell on a wet painted area."  (Doc. # 1-3 ¶¶ 3-4).  Plaintiff alleges in his Complaint that Walmart "failed to provide a safe environment for the customers," which caused the Plaintiff to "fall and sustain severe injuries and damages."  (*Id.* ¶ 8). Plaintiff further alleges that his injuries were caused by Walmart, and that he "has suffered and will continue to suffer severe and permanent physical injuries, pain and suffering, and mental anguish."  (*Id.* ¶ 9).

On February 7, 2023, Walmart took the deposition of Plaintiff.  (Doc. # 12-1).  In the deposition, Plaintiff gave more details about the day of the incident.  Plaintiff explained that he had gone out to Walmart with his wife, two kids, father-in-law, and mother-in-law.

1

(*Id*. at 76, 82). At the time of the accident, Plaintiff was exiting the store with his wife and two children. (*Id.* at 84). When asked if he recalls whether the parking lot ground was wet, Plaintiff answered that he did not recall if it was. (*Id.* at 80). He also had no recollection of whether it was raining that day. (*Id.*).

Plaintiff was asked multiple times if he recalled whether the ground was wet, and answered each time that he did not recall. Plaintiff gave the following answers during his deposition:

> Q. All right. After your incident, after you've had your fall, did you observe any type of liquid or wetness on the sidewalk?
>
> A. I don't recall anything of that nature.
>
> Q. Okay. During the course of your incident, did you observe any type of liquid or wetness on the sidewalk?
>
> A. I don't recall that either.
>
> [ . . . ]
>
> Q. All right. On the date of your incident, did you observe any type of condition that you believe is what caused you to have a slip and fall incident?
>
> A. No, I don't recall nothing like that.
>
> [ . . . ]
>
> Q. On the date of your incident, did you observe, did you see any slippery substance or condition on the sidewalk at Walmart, yes or no?
>
> A. I never -- I don't know. I mean, like I said, I don't know.
>
> [ . . . ]
>
> Q. You don't have any knowledge of facts indicating there was any type of spill, that some substance had been spilled on the sidewalk where your fall occurred; is that correct?

    A.    No, I have no knowledge.

[ . . . ]

    Q.    Okay. So, at the time that your incident happened, as you've described it - as your foot is slipping or sliding, during your incident, after your incident, did you observe any type of condition that your foot had actually slid in or slipped in?

    A.    I don't recall.

[ . . . ]

    Q.    After your accident, when you were on the ground, did you feel any wetness with your hands?

    A.    That I don't recall. I was in such much [sic] pain I just wanted off the ground. I was embarrassed.

    Q.    Okay. But as far as having felt any type of wetness or substance on the sidewalk with your hands, you don't recall anything like that, correct?

    A.    I don't remember if it was or wasn't. Like I said, my goal was to get up off the ground.

(*Id.* at 96, 98, 130, 149, 131). Plaintiff's wife and two children, who were with him at the time of the fall, also testified that they did not see any substance or liquid on the ground. (Doc. # 12-3 at 54-55, Doc. # 12-4 at 26, Doc. # 12-5 at 30).

On September 12, 2023, Walmart filed the instant Motion for Summary Judgment. (Doc. # 12). Plaintiff did not respond. This Court ordered Plaintiff to show cause why Plaintiff's case should not be dismissed for failure to prosecute. (Doc. # 15). Again, Plaintiff did not respond. Walmart's Motion for Summary Judgment is now ripe for review.

## II.  ANALYSIS

### A.  Standard of Review

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment "bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Plant v. Morton Int'l Inc.*, 212 F.3d 929, 934 (6th Cir. 2000)). To defeat a motion for summary judgment, the non-moving party "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). In deciding a motion for summary judgment, the Court must look at the evidence "in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Following the Court's review of the record, if a "rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).  !

### B.  Discussion

#### 1.  *Plaintiff's case is dismissed for failure to prosecute.*

On September 12, 2023, Walmart filed a Motion for Summary Judgment. (Doc. # 12). Plaintiff did not respond. This Court ordered Plaintiff to show cause why Plaintiff's case should not be dismissed for failure to prosecute. (Doc. # 15). Plaintiff did not

respond. Plaintiff ignored that Order and has neither responded to Defendant's Motion for Summary Judgment nor shown good cause as to why a response has not been filed. Therefore, Plaintiff's case will be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

### 2. *Plaintiff's case is also dismissed on the merits.*

The Court will grant Walmart's Motion for Summary Judgment because there is no genuine dispute of material fact as to the claim of negligence. This case was removed to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. While federal procedural law dictates the applicable standard of review, Kentucky substantive law applies to the negligence claim. *See Johnson v. Walmart Stores E., LP*, 169 F. Supp. 3d 700, 702–03 (E.D. Ky. 2016) (citations omitted). "To prevail on a negligence claim under Kentucky law, the plaintiff must prove that the defendant 1) owed the plaintiff a duty of care, 2) the defendant breached the standard of care by which his or her duty is measured, and 3) that the breach was the legal causation of the consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky.2003). In slip and fall cases, the plaintiff has the burden of proving "that there was a foreign substance/object on the floor and that such was a substantial factor in causing his accident and injury." *Padgett v. Walmart Stores E., Ltd. P'ship*, 731 F. App'x 397, 398 (6th Cir. 2018) (quoting *Lanier v. Walmart Stores, Inc.*, 99 S.W.3d 431, 435 (Ky. 2003)).

Conclusory allegations and unsubstantiated assertions do not create genuine issues of fact. *See id.* at 398-99. In *Padgett v. Walmart Stores E., Ltd.*, the plaintiff similarly alleged that there had been something on the floor where he slipped. 731 F. App'x 397, 399 (6th Cir. 2018). Yet, during his deposition, he stated that he did not

actually observe any type of liquid on the floor. *Id.* Just like the plaintiff in this case, he "testified multiple times that he neither saw nor felt a foreign substance on the floor." *Id.* at 399. The Sixth Circuit, applying Kentucky substantive law, found that "[n]o reasonable jury could view this testimony as establishing that there was a foreign substance on the floor" and so held that summary judgment was appropriate. *Id.*

Here, Plaintiff only offers conclusory allegations in support of his negligence claim. In his Complaint, he alleged that he "fell on a wet painted area." (Doc. # 1-3 ¶¶ 3-4). Yet, during his deposition, he was repeatedly asked whether the ground had been wet, and he answered each time that he did not know or could not recall. *See supra*, at 2-3. This testimony renders Plaintiff's allegations conclusory and unsubstantiated. *See Padgett*, 731 F. App'x at 398. As such, this Court concludes that no reasonable jury could find that the negligence of Walmart is what led to Plaintiff's fall.

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   Defendant's Motion for Summary Judgment (Doc. # 12) is **GRANTED**.

(2)   This matter is **DISMISSED AND STRICKEN** from the Court's active docket; and

(3)   **JUDGMENT** in favor the Defendant shall be filed contemporaneously herewith.

This 9th day of November, 2023.



Signed By:
*David L. Bunning*  DB
United States District Judge

6